IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE: THE APPLICATION OF            CASE NO.:

JHONNY VICENTE CABRERA RINCON,

    Plaintiff/Petitioner,

v.

EVELYN ALONSO PEREZ,

    Defendant/Respondent.
_____/

## VERIFIED COMPLAINT AND PETITION FOR RETURN OF THE CHILD

Plaintiff/Petitioner, JHONNY VICENTE CABRERA RINCON (hereinafter Petitioner) respectfully shows this Court as follows:

1. This action is brought by JHONNY VICENTE CABRERA RINCON (Petitioner), a citizen of Venezuela, to secure the return of his five (5) year old daughter, Nicole Camille Cabrera Alonso, who was, without Petitioner's consent or acquiescence, wrongfully retained/removed from Venezuela to the Southern District of Florida by the child's mother, EVELYN ALONSO PEREZ (Respondent).[1]

2. This Petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention") and the International Child Abduction Remedies Act ("ICARA"). The Hague Convention came into

---

1. Although there are additional facts that can be set forth, for purposes of this Complaint, the Respondent has wrongfully retained the child after initially coming to Miami for the summer of 2013 and then convincing her Husband/Petitioner that their minor child was quickly learning English and that they should enroll the child in school for the fall semester and returning to Venezuela in November/December of 2013. See attached e-mail marked as exhibit "A" introduced into evidence in support of the Plaintiff's Motion to Dismiss in proceedings in the Family Division of the Eleventh Judicial Circuit under Case # 2013-030371-FC-39 which has resulted in the entry of a Final Order of Dismissal dated October 7, 2014. See attached Final Order of Dismissal marked as exhibit "B". As presented and proven in the family court proceedings, the Respondent was divorce planning, forum shopping and attempting to stay in Florida the requisite six (6) months for jurisdictional purposes without the Plaintiff's knowledge or consent and therefore has wrongfully retained the child and violated the Plaintiff's rights to custody and companionship of his daughter. Furthermore, there are pending dissolution proceedings in Venezuela and the Venezuelan court has taken jurisdiction of the parties dissolution of marriage case and Venezuela is the Home State of the Child in accordance with the UCCJEA.

effect in the United States of America on July 1, 1988, and has been ratified between, among other Contracting States, the United States of America and Venezuela.

3. The objects of the Hague Convention are:

    a. Article 1(a): To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

    b. Article 1(b): To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States.

4. The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of any underlying custody dispute.

5. This Court has jurisdiction over this case pursuant to 42 USC § 11603(a) and 28 USC § 1331. Venue is property pursuant to 42 USC § 11603 and 28 USC § 1391(b) because the child and Respondent are residing in the Southern District of Florida at 2333 Brickell Avenue, TSF, Miami, Florida.

6. Petitioner and Respondent are the parents of the Child. Attached is a copy of the child birth records as Exhibit "C". Petitioner and Respondent were married in Venezuela and continue to be married as of the date of the wrongful removal of the Child on December 4, 2013. Attached is a copy of the parties certificate of marriages as Exhibit "D".

7. On May 14, 2009, Respondent gave birth to the Child in Miami, Florida.

8. Until the date of separation between Petitioner and Respondent, Petitioner, Respondent and the Child lived together at their familial residence at Av. La Colina, Con Calle El Calvario, Qta. Mi Viejo, Urbanizacion Alto Hatillo, Miranda, Caracas, Venezuela. Attached is copy of Petitioner and Child's Confirmation of Residence and Letter of Residence, respectively, as Exhibits "E" and "F".

9. The Child attended school at A.E.U. Colegio Academia Merici in Venezuela until her wrongful removal. Attached are the child's school Confirmation and Good Conduct Confirmation as Exhibits "G" and "H".

10. Throughout, the Petitioner has continued to exercise his parenting rights and maintained his relationship with the Child.

11. At the present time, there is a suit for divorce between Petitioner and

Respondent pending in Caracas, Venezuela.

12. Respondent abducted and/or has retained Nicole Camille Cabrera Alonso from Venezuela without Petitioner's permission.

13. Upon information and belief, the Child is currently being kept in the company of the Respondent at 2333 Brickell Avenue, #TSF, Miami, Florida.

14. On August 5, 2014, Petitioner's Request for Return of the Child was submitted to the United States Department of State through the Venezuelan Central Authority. Attached is the letter from the Venezuelan Central Authority along with the Respondent's Hague Application Form as composite Exhibit "I".

15. As set forth above, on or about December 4, 2013 Respondent retained the child and/or wrongfully removed the Child within the meaning of Article 3 of the Convention and continues to wrongfully retain the Child in the State of Florida, United States, in violation of Article 3 and despite Petitioner's efforts to have the Child returned to Venezuela.

16. Petitioner has never acquiesced or consented to the removal/retention of the Child from Venezuela to the United State or to her living outside of Venezuela.

17. Respondent's removal and retention of the Child is wrongful within the meaning of Article 3 of the Convention because:

   a. It is in violation of Petitioner's rights of custody as established by the Venezuelan law. Specifically, Respondent's removal and retention of the Child is in violation of Petitioner's right as a physical custodian to determine the Child's place of residence;

   b. At the time of the Child's removal from Venezuela, Petitioner was actually exercising his rights of custody withing the meaning of Articles 3 and 5 of the Convention and, but for the Respondent's removal and retention of the Child, Petitioner would have continued to exercise those rights; and

   c. The Child was habitually resident with Petitioner in Venezuela within the meaning of Article 3 of the Convention immediately before her removal and retention by Respondent.

18. Respondent is presently wrongfully retaining the Child in the State of Florida, County of Miami-Dade.

19. Respondent is keeping the Child at 2333 Brickell Avenue, #TSF, Miami,

Florida.

20. The Child is now five years old. The Hague Convention applies to children under sixteen (16) years of age and thus applies to this Child.

21. The Petition is filed less than one year from Respondent's wrongful removal and/or retention of the Child. Petitioner has never consented or acquiesced to Respondent's wrongful removal or retention of the Child.

22. Petitioner requests that this Court issue an immediate order restraining Respondent from removing the Child from the jurisdiction of this Court, and a warrant seeking immediate physical custody of the Child, directing any United States Marshall or other law enforcement officer to bring the Child before this Court. Petitioner also asks that this Court schedule an expedited hearing on the merits of this Petition.

23. Petitioner has incurred attorney's fees and costs as a result of the wrongful retention of the Child by Respondent.

24. Pursuant to 42 USC § 11603(c), Respondent shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

WHEREFORE, Petitioner, JHONNY VICENTE CABRERA RINCON, prays for the following relief:

   a. An immediate temporary restraining order prohibiting the removal of the Child from the jurisdiction of this Court pending a hearing on the merits of this Verified Complaint, and further providing that no persona acting in concert or participating with Respondent shall take any action to remove the Child form the jurisdiction of this Court pending a determination on the merits of the Verified Complaint;

   b. The scheduling of an expedited preliminary injunction hearing on the merits of the Verified Complaint; an order that Respondent show cause at this hearing why the Child should not be returned to Venezuela, and why such other relief requested in the Verified Complaint should not be granted; and, pursuant to Federal Rule of Civil Procedure 65, an order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

   c. A final judgment in Petitioner's favor establishing that the Child shall be returned to Venezuela, where an appropriate custody determination can be made by a Venezuelan court under Venezuelan law;

    d.    An Order requiring that Respondent pay Petitioner's expenses and costs, including transportation costs, under 42 USC § 11607, such expenses and costs to be resolved via post-judgment motion; and

    e.    For any such further relief as may be just and appropriate under the circumstances of this case.

I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

Dated: 11/5/14

_____
JHONNY VINCENT CABRERA RINCON

STATE OF    )
COUNTY OF    )

The foregoing instrument was acknowledged before me this _____ day of _____, 2014 by JHONNY VINCENT CABRERA RINCON, who is personally known to me or has produced _____ as identification and who did take an oath.[2]

My Commission expires:    _____
                                    Notary Public

PEREZ-ABREU & MARTIN-LAVIELLE, P.A.
901 Ponce de Leon Boulevard
Suite 502
Coral Gables, Florida 33134
(305) 443-8794
Javipa@pamlaw.com

By: _____
    JAVIER PEREZ-ABREU, ESQ.
    Florida Bar #: 508410

---

[2] Plaintiff is in the process of executing the document in the presence of a Notary at the US Embassy or US Consulate in Caracas, Venezuela and the notarized original will be subsequently filed with the Court upon receipt.